PANCHO GALINDO V. THE STATE.

No. 3982.  Decided March 8, 1916.

Local Option—Indictment—Beer—Intoxicating Liquors.

Where, upon trial of a violation of a local option law, the indictment alleged that the liquor which defendant sold was beer, it was not necessary to allege that beer is an intoxicating liquor.  Following Moreno v. State, 64 Texas Crim. Rep., 660.

Appeal from the District Court of Presidio.  Tried below before the Hon. W. C. Douglas.

Appeal from a conviction of a violation of a local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for the appellant.

C. C. McDonald, Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for the violation of the local option liquor prohibition law, a felony, and his punishment assessed at the lowest prescribed by law.

There is neither a bill of exceptions nor a statement of facts in the record.  The only question in the absence of these which can be reviewed is appellant's motion in arrest of judgment, wherein he contends that the indictment is fatally defective in that the liquor alleged to have been sold by appellant was beer, contending that, in addition to such allegation, it is necessary to allege that beer was an intoxicating liquor.  This question has been expressly decided against appellant in Moreno v. State, 64 Texas Crim. Rep., 660.  Hence, the court did not err in overruling his motion.

The judgment will be affirmed.

*Affirmed.*